UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| ISAIAH THOMAS ANDREW BURNETT, SR., <br>     Plaintiff, <br><br> v. <br><br> SHEILA M. HARRINGTON, Clerk-Magistrate, Gardner District Court, et al., <br>     Defendants. | CIVIL ACTION <br> NO. 26-40020-MRG |

**MEMORANDUM AND ORDER**
**February 10, 2026**

**GUZMAN, D.J.**

    Plaintiff Isaiah Thomas Andrew Burnett, Sr., a resident of Fitchburg, Massachusetts, brings this action against several state court judges and court staff as well as the Gardner Police Department under 42 U.S.C. § 1983 ("§ 1983") and the Americans with Disabilities Act ("ADA"). *See* Complaint ("Compl."), Dkt. No. 1. With the complaint, Burnett filed a motion for leave to proceed *in forma pauperis* (Dkt. No. 3), an emergency motion for temporary restraining order and preliminary injunction (Dkt. No. 4), and a notice for preservation of evidence (Dkt. No. 5).

    Based on the information Burnett has provided, the court will grant his motion for leave to proceed *in forma pauperis*. For the reasons that follow, the court will dismiss this action without prejudice pursuant to 28 U.S.C. 1915(e)(2)(B) and for lack of subject matter jurisdiction. The emergency motion for temporary restraining order and preliminary injunction will be terminated as moot.

    Section 1915(e)(2)(B) authorizes the federal courts to dismiss an action in which a plaintiff seeks to proceed without prepayment of the filing fee if, among other things, the action

is frivolous, fails to state a claim on which relief can be granted, or a party is immune. *See id*. In conducting this review, the court liberally construes Burnett's complaint because he is proceeding *pro se*. *Hughes v. Rowe,* 449 U.S. 5, 9 (1980); *Haines v. Kerner*, 404 U.S. 519, 520 (1972); *Instituto de Educacion Universal Corp. v. U.S. Dept. of Education*, 209 F.3d 18, 23 (1st Cir. 2000). This court also has an independent obligation to sua sponte inquire into its own subject matter jurisdiction, *see McCulloch v. Velez*, 364 F.3d 1, 5 (1st Cir. 2004), and "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action," Fed. R. Civ. P. 12(h)(3).

In his "sworn federal declaration," Burnett recounts his unsuccessful to efforts to have all of his ADA accommodation requests granted, to have certain documents placed on the public docket for his criminal case, and to obtain copies of records from the defendant police department. Dkt. No. 1-1 at 2. Burnett states that after filing a Petition for Writ of Mandamus, the Worcester Superior Court informed him that "it lacked authority to enforce mandamus against the Gardner District Court." *Id.*

Burnett alleges that he is a defendant in a criminal case that is pending in the Gardner District Court and that he has transmitted multiple motions and filings to the Gardner District Court. Compl. at ¶¶ 17-18. He states that the defendants "failed to docket filings" despite the fact that receipt was confirmed by court staff. *Id.* at ¶¶ 19-20. He further states that his "ADA accommodation requests were obstructed," *id.* at ¶ 22, and that he was "denied access to judicial review." *Id.* at ¶ 21. He states that "[s]tate remedies were unavailable due to jurisdictional barriers," *id.* at ¶ 26, and that "Defendants' actions constitute systemic administrative obstruction." *Id.* at ¶ 27. For relief, the complaint seeks declaratory judgment of constitutional violations and injunctive relief. *Id.* at ¶ VI (relief requested). In addition, injunctive relief is

sought to compel "docketing and access," "ADA compliance orders," record "preservation orders, and non-retaliation orders. *Id.*

As an initial matter, this court abstains from exercising jurisdiction over this action to the extent that it would interfere with an on-going matter in the courts of the Commonwealth of Massachusetts. Abstention is a devise designed to facilitate the side-by-side operation of federal and state courts, balancing their respective interests in the spirit of comity. *Coggeshall v. Massachusetts Bd. of Registration of Psychs.*, 604 F.3d 658, 664 (1st Cir. 2010). Although "the pendency of a state-court action generally does not preclude a federal court from addressing the same subject matter," "the Supreme Court has developed a small cluster of doctrines that either require or allow federal courts to defer to state proceedings in particular circumstances." *Sirva Relocation, LLC v. Richie*, 794 F.3d 185, 192 (1st Cir. 2015). The "*Younger* abstention doctrine . . . requires a district court to stay or dismiss the federal action in favor of the continued prosecution of the state-court litigation." *Coggeshall*, 604 F.3d at 664 (referencing *Younger v. Harris*, 401 U.S. 37, 41 (1971)). "Under *Younger* principles, a federal court must abstain from hearing a case if doing so would needlessly inject the federal court into ongoing state proceedings." *Id.* (citation and quotation omitted).

Second, to the extent that a final judgment was entered in the Worcester Superior Court, this court does not have jurisdiction to review and reject a state court judgment. "[T]he proper forum for challenging an unlawful state court ruling is the United States Supreme Court, on appeal of the highest state court's final judgment." *Davison v. Gov't of Puerto Rico-Puerto Rico Firefighters Corps*, 471 F.3d 220, 223 (1st Cir. 2006). Under 28 U.S.C. § 1257, the Supreme Court of the United States is the only federal court with jurisdiction to review a state court judgment. *See* 28 U.S.C. § 1257; *see also Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 292 (2005). Thus, under the *Rooker-Feldman* doctrine, 28 U.S.C. § 1257 prohibits a

district court from exercising subject matter jurisdiction over an action brought by a party who lost in state court and who is "seeking review and rejection of that judgment" in a lower federal court. *Exxon Mobile*, 544 U.S. at 291; *see also id.* at 292 ("The *Rooker–Feldman* doctrine merely recognizes that 28 U.S.C. § 1331 is a grant of original jurisdiction, and does not authorize district courts to exercise appellate jurisdiction over state-court judgments, which Congress has reserved to this Court, *see* § 1257(a)." (quoting *Verizon Md., Inc. v. Pub. Serv. Comm'n of Md.*, 535 U.S. 635, 644 n.3 (2002))). Here, Burnett is asking this court to, among other things, overturn state court orders that were allegedly wrongful because they were the product of unlawful disability discrimination. In other words, Burnett wants this court to assume the role of an appellate court vis-à-vis the state court rulings. His lawsuit is precisely the type of action that is precluded by the *Rooker-Feldman* and *Younger* abstention doctrines.

Third, to the extent Burnett is seeking to proceed against Justices Haddad and Goldstein for claims arising out of their judicial rulings, such claims are barred by the doctrine of absolute judicial immunity. *See Zenon v. Guzman*, 924 F.3d 611, 616 (1st Cir. 2019) ("[I]t is an axiom of black letter law that when a judge carries out traditional adjudicatory functions, he or she has absolute immunity for those actions."). Nothing in the complaint suggests these judges acted outside "traditional adjudicatory functions." *Id.* To the extent Burnett disagrees with orders entered by either judge, his option is to appeal the court's rulings in state court; he cannot sue the state court judge in federal court.

Similarly, the claims against the clerk-magistrate is barred by the doctrine of quasi-judicial immunity. "[U]nder Massachusetts law, '[c]ourt clerks enjoy qualified immunity from suit and are absolutely immune for their conduct when acting at a judge's direction.'" *Cline v. Burke*, 682 F.Supp.3d 125, 131 (D. Mass. 2023) (quoting *Temple v. Marlborough Div. of Dist. Ct. Dep't*, 395 Mass. 117, 133 (1985)). Indeed, "[c]ourts have expanded the doctrine of judicial

immunity to include certain 'quasi-judicial' officers who are involved in an integral part of the judicial process and thus must be able to act freely without the threat of a law suit." *Id.* (quoting *Commonwealth v. O'Neil*, 418 Mass. 760, 767 (1994)). "The doctrine applies to court clerks performing their duties due to 'the danger that disappointed litigants, blocked by the doctrine of absolute immunity from suing the judge directly, will vent their wrath on clerks, court reporters, and other judicial adjuncts.'" *Id.* (quoting *McNeil v. State of Mass.*, No. 14-14370-DJC, 2014 WL 7404561, at *3 (D. Mass. Dec. 30, 2014) (internal quotations and citations omitted)).

For the foregoing reasons, the motion for leave to proceed *in forma pauperis* (Dkt. No. 3) is ALLOWED and this case is DISMISSED WITHOUT PREJUDICE. Consistent with dismissal, the Emergency Motion for Temporary Restraining Order and Preliminary Injunction (Dkt. No. 4) is terminated as moot.

**So Ordered.**

    /s/ Margaret R. Guzman
MARGARET R. GUZMAN
UNITED STATES DISTRICT JUDGE

Dated: February 10, 2026